PEARSON *v.* TOWER.        { MARCH 13
                              {    1875.

In an injunction bill, it being admitted by the demurrer that a portion of the defendants, who were directors of a corporation, were keeping its funds in a manner not authorized by law and the by-laws and charter of the company, and so as to endanger their safety, the demurrer was overruled.

The treasurer of a corporation is the proper officer charged by law with the custody of its funds, and responsible for their safe keeping.  The directors cannot lawfully deprive the corporation of the benefit of this responsibility by depositing the funds with others for safe keeping, or causing such disposition of the funds to be made, and may be restrained by injunction from so doing at the suit of any stockholder, on a proper case being made.

In this case, which is the same reported *ante* 36, the plaintiff having amended his bill by inserting a reference to the General Statutes, and to the charter of the Concord Railroad Corporation, sec. 2, which requires the directors of that corporation to choose a treasurer who shall give bonds to the corporation, with sureties to the satisfaction of the directors, in a sum not less than twenty thousand dollars for the faithful discharge of his trust, and art. 7 of the by-laws of the Concord Railroad Corporation, the material part of which is as follows, viz.,— " The bond of the treasurer shall be for a sum not less than thirty thousand dollars, and be in the custody of the president.  It shall be the duty of the treasurer to collect all instalments ; safely to keep the seal of the corporation, and all the moneys, securities, and valuable papers ; to disburse and deliver over the same as the directors shall require ; keep his books and accounts in an approved form, showing the true condition of the finances and funds of the corporation," etc., the defendants elected to abide by their demurrer.

*Edmund Burke,* for the plaintiff.

*William M. Chase,* for the defendants.

CUSHING, C. J.   The plaintiff having amended his bill so as to make the court acquainted with the particular by-law relied upon as having been violated by the defendants, the court is now in a situation to take

notice of it; and although the charter is not regularly before the court, still it is so referred to that its terms are sufficiently ascertained, and this course appears not to be objected to by the defendants.

The by-law requires that the moneys of the corporation shall be kept and disbursed by the treasurer, who is required also to furnish a bond. The allegation in the bill is, that the funds, to a very large extent, are habitually kept in certain banks by the orders of the directors, and disbursed, not by the treasurer. It seems to be conceded that the funds are disbursed by an officer called a cashier, not known to the by-laws, and who does not furnish security. And I think it may be said to be substantially alleged and admitted by the demurrer that there is reason to believe that the safety of the funds of the corporation may be endangered by this practice.

On the question, therefore, whether this mode of keeping the funds is authorized by the by-laws, there would seem to be no doubt. And it seems equally certain that such a mode of keeping the funds shifts the responsibility to a great extent from the treasurer, who must be presumed to have furnished ample security, to others who have not.

Counsel for the defendants has, in his brief, mentioned a good many facts, which, if properly brought to the notice of the court, might be of some avail to explain the acts complained of, and, perhaps, to justify them. But they are facts of which the court cannot take judicial notice, and which do not appear upon the record.

What appears is, that the defendants are alleged to be dealing with the funds of the corporation in a manner not authorized by the by-laws, and in such a way as to shift the responsibility of the care of the funds from the officer recognized by the by-laws, to other persons not known to them. All this is admitted by the demurrer, and seems to me to be clearly unlawful. The complainant, who sues for himself and all other stockholders, appears to be largely interested, and it is difficult to see what protection he can have at present, excepting through the aid of an injunction. It is said that nobody else is complaining. If it be true that the stockholders are satisfied with this mode of doing the business, they may, perhaps, find some way to alter their by-laws so as to legalize the proceeding, though I confess it seems to me difficult to see how, under the charter, the business can be so legally transacted as to relieve the treasurer from the responsibility of the care of the funds.

SMITH, J. As the demurrer admits the facts charged in the amended bill, I think the plaintiff is entitled to the relief he seeks. The duties of the treasurer should not be merely nominal. He is required to give bond for the faithful performance of the duties of his office, and is the proper custodian of the funds of the corporation. This bond is for the security of the stockholders, and they are entitled to the benefit of it. There is no objection to his depositing the funds in as many different places as convenience may require for transacting the business of the corporation. Of course it is not pos-

sible that all the receipts be paid to him in the first instance. The collections of the corporation are made from the sale of tickets and transportation of freight, not only at different stations on its own road, but at stations and offices on connecting roads. These subordinate officers make weekly or monthly settlements with the general officer of the road, said to be the cashier; and it seems to be eminently proper that he should, at frequent periods, perhaps as often as once a month, pay over to the treasurer the moneys that come into his hands. If the treasurer finds it necessary to make deposits with banks or bankers in Concord, Manchester, Nashua, or Boston, for convenience in paying claims against the corporation, there is no objection to his doing so, with such banks or bankers as he may be willing to deposit the funds with; but the deposits should be under his control as treasurer, that the stockholders may have the security of his bond in case of failure. It is no answer to say that the banks and bankers, with whom the money of this corporation was deposited when this bill was filed, were perfectly solvent. It is notorious that banks and bankers, having the entire confidence of the community, become insolvent, and that, too, often unexpectedly.

The seventh by-law of this corporation provides, among other things, that the treasurer shall give a bond in the sum of $30,000, to be kept in the custody of the president; and it is made his (the treasurer's) duty safely to keep  *  *  all the moneys, securities, and valuable papers of the corporation, and "to disburse and deliver over the same as the directors shall require."

There is nothing in the language of this by-law that authorizes the directors to make such a disposition of the funds of the corporation as would practically make the duties of the treasurer merely nominal, relieve him from liability for the safe keeping of the funds, and place them in the hands of banks and bankers with only their personal security for the same. The natural and reasonable construction of the language of the statutes, charter, and by-laws of the corporation requires that the treasurer, in disbursing the funds of the corporation according to the requirement of the directors, should pay them out to satisfy such claims against the corporation as the directors shall authorize; that until the funds be needed for that purpose the treasurer is the only proper officer of the corporation to whom the custody of the funds should be entrusted. Under pretence of disbursing the moneys, it would be a clear violation of the provisions of the law to require him to deposit them in the hands of others for safe keeping, and that too with no security except their personal responsibility for the same.

The complainant shows cause for invoking the aid of the court to protect his interests against unsafe investments of the funds of the corporation, and is entitled to the relief he seeks.

The decree should of course be drawn in such way as not to interfere with the transaction of the business of the corporation with such facilities as may be reasonably necessary. What is required is, that the

funds of the corporation, collected from its subordinate officers and agents, should be deposited with the treasurer, who is the proper officer, for safe keeping and disbursement, that the stockholders may have the security which they have the right to claim under the laws.

LADD, J., concurred.

*Demurrer overruled.*